AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>RONALD THOMAS, JR.<br><br>*Defendant(s)* | )<br>)<br>) Case No. 3:22-mj-1347-JBT<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 8, 2022__ in the county of __Duval__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | distribution of methamphetamine |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DeAngelo Brown, Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: __7/27/22__

_____
*Judge's signature*

City and state: __Jacksonville, Florida__    Joel B. Toomey, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, DeAngelo Brown, being duly sworn, depose and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), U.S. Department of Justice, and have been so employed since January of 2015. Currently, I am assigned to the Jacksonville I Field Office. Prior to my employment with ATF, I was employed as a Police Officer for the Jacksonville Sheriff's Office, for ten years. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. My duties as an ATF special agent are to investigate violations of federal law relating to alcohol, tobacco, firearms, explosives, and controlled substances.

2. The facts contained in this affidavit are based on my personal knowledge, and/or reliable information related to me in my official capacity by firsthand observation, from other law enforcement officers involved in this investigation, and from communication with other individuals who have personal knowledge of the events and circumstance described herein. This affidavit should not be construed as a complete statement of all the information generated from the investigation of the events to be described, but only those facts that I feel are sufficient to establish probable cause in support of this criminal complaint.

1

## Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging the defendant, Ronald THOMAS JR (THOMAS), with distribution of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1).

## Investigation

4. On or about July 8, 2022, I had an ATF CI arrange a controlled purchase of approximately one ounce of methamphetamine from THOMAS. At the direction of law enforcement, the CI called and texted THOMAS to arrange the methamphetamine purchase. The CI was provided with ATF Agent Cashier Funds and equipped with audio and video recording equipment. On July 8, 2022, at approximately 1:30 pm, an undercover (UC) ATF Task Force Officer (TFO) drove the CI to Hometown Inn & Suites, 4940 Mustang Rd, in Jacksonville, Florida, to meet with THOMAS.

5. THOMAS was not present at Hometown Inn & Suites when the CI arrived. THOMAS asked the CI to give $50.00 to Jessica TOMLINSON so that she could maintain the rental of her hotel room. THOMAS stated that the $50.00 that the CI gave to TOMLINSON would be deducted from the price of the drugs the CI purchased from THOMAS.

6. After the UC dropped the CI off at the hotel, the CI entered through the lobby and met with TOMLINSON in the lobby. The CI and TOMLINSON went to room #333 (TOMLINSON's Room) to wait for THOMAS to arrive at the hotel. A

2

short time later THOMAS texted the CI and informed her that he had arrived at the hotel and was in room #329. The CI went to room #329, knocked on the door and was let inside of the room by THOMAS. A conversation between THOMAS and the CI ensued and during the conversation THOMAS offered to sell the CI one ounce of methamphetamine for $400.00 and one ounce of marijuana for $100.00. The CI then exchanged $400.00 in ATF funds for one ounce of suspected methamphetamine and $50.00 of ATF funds for one ounce of marijuana. The CI had given TOMLINSON $50.00 of ATF funds when he/she arrived at the hotel at the request of THOMAS. THOMAS deducted the $50.00 paid to TOMLINSON from the $100.00 he charged the CI for the purchase of the one ounce of marijuana. THOMAS then handed a bag containing methamphetamine and a bag containing marijuana to the CI.

7. The CI then exited the hotel and entered the UC vehicle. The UC vehicle exited the hotel and was followed by agents to the predetermined meeting location. The audio/video recording equipment, methamphetamine and marijuana were recovered from the CI. The CI was debriefed regarding the operation and provided information that corresponded with what was captured on the recording device. I weighed and field tested the methamphetamine. The methamphetamine weighed 28.9 grams with packaging and yielded a positive result for the presence of methamphetamine.

## Conclusion

8. I submit these facts as evidence that probable cause exists to believe that THOMAS has violated the laws of the United States, specifically, distribution of methamphetamine, in violation of Title 21, Unites States Code, Section 841(a)(1).

9. I state that the above information is true and correct to the best of my knowledge, and ask that the requested criminal complaint be issued.

Respectfully submitted,

_____
DeAngelo Brown, Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this 27 day of July, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

4